# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLEN RESTO,** | : | Civil No. 1:12-CV-207 |
| **Petitioner,** | : | (Judge Conner) |
| v. | : | (Magistrate Judge Carlson) |
| **B.A. BLEDSOE, et al.,** | : | |
| **Respondents.** | : | |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case

The petitioner in this case, Allen Resto, is a federal inmate housed at the Special Management Unit of the United States Penitentiary, Lewisburg. On February 2, 2012, Restol filed a *pro se* complaint seeking a writ of mandamus against the defendants, his jailers. In this complaint Resto stated that he is planning to file other litigation. Because Resto anticipates that his other "anticipated litigation" will "no doubt result in a significant number of documents" he is turning to this Court's mandamus jurisdiction to secure a writ of mandamus directing prison officials to provide him with an array of legal forms, extended law library access, electronic document preparation services, and a better pen to replace the writing instrument provided by the

prison, a copy of which he attached to his mandamus complaint, a pen which Resto characterized as inadequate because it is too "short and flexible." (Id.)

Along with his mandamus complaint, Resto, has filed a motion for leave to proceed *in forma pauperis*. (Doc. 2) For the reasons set forth below, we will grant this motion for leave to proceed *in forma pauperis*, (Doc. 2), but as part of our statutorily mandated screening process for *pro se in forma pauperis* litigation, we recommend that this case be dismissed for failure to state a claim upon which relief may be granted.

## II. Discussion

### A. Inmate Case Screening Standard of Review

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints which seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has recently aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008) and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all

reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court recently underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

Applying this standard, the Court places the plaintiff on notice that many of the allegations in the *pro se* mandamus complaint are subject to dismissal for failure to state a claim upon which relief can be granted.

### B. Resto Is Not be Entitled to Mandamus Relief

At the outset, it appears that Resto is not entitled to mandamus relief. A petition for writ of mandamus is an ancient form of common law judicial relief, a request for a court order compelling a public official to perform some legally mandated duty. The power of federal courts to issue writs of mandamus is now defined in a federal statute, 28 U.S.C. § 1361, which provides that:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C.. § 1361.

Writs of mandamus compelling government officials to take specific actions are extraordinary forms of relief, which must comply with demanding legal standards. Thus, it is well-settled that "The writ is a drastic remedy that 'is seldom issued and its use is discouraged.' " In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000), (quoting Lusardi v. Lechner, 855 F.2d 1062, 1069 (3d Cir. 1988)). Thus, as a general rule:

> There are two prerequisites to issuing a writ of mandamus. [Petitioners] must show that (1) they have no other adequate means to attain their desired relief; and (2) their right to the writ is clear and indisputable. See

<u>In re Patenaude</u>, 210 F.3d 135, 141 (3d Cir.2000); <u>Aerosource, Inc. v. Slater</u>, 142 F.3d 572, 582 (3d. 1988).

<u>Hinkel v. England</u>, 349 F.3d 162, 164 (3d Cir. 2003).

Moreover, "[m]andamus is an extraordinary remedy that can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.' " <u>Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary</u>, 93 F.3d 103, 112 (3d Cir.1996) (quoting <u>Harmon Cove Condominium Ass'n, Inc. v. Marsh</u>, 815 F.2d 949, 951 (3d Cir.1987)). <u>See</u> <u>also</u> <u>Ararat v. District Director, ICE</u>, 176 F. App'x. 343 (3d Cir. 2006). Therefore:

> Mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." <u>Heckler v. Ringer</u>, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (discussing the common-law writ of mandamus, as codified in 28 U.S.C. § 1361). <u>See also</u> <u>Stehney</u>, 101 F.3d at 934 (mandamus relief is a drastic remedy only to be invoked in extraordinary circumstances).

<u>Stanley v. Hogsten</u> 277 F. App'x. 180, 181(3d Cir. 2008).

As one court has aptly observed when describing the precise and exacting standards which must be met when a petitioner invokes the writ of mandamus:

> The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." <u>Allied Chemical Corp. v. Daiflon, Inc.</u>, 449 U.S. 33, 34,(1980). Only "exceptional circumstances amounting to a judicial 'usurpation of power' " will justify issuance of the writ. <u>Gulfstream Aerospace Corp. v. Mayacamas Corp.</u>, 485 U.S. 271, 289 (1988) (quoting <u>Will v. United States</u>, 389 U.S. 90, 95(1967)); <u>see also</u>

7

> In re Leeds, 951 F.2d 1323, 1323 (D.C.Cir.1991). Mandamus is available only if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." In re Medicare Reimbursement Litigation, 414 F.3d 7, 10 (D.C.Cir.2005) (quoting Power v. Barnhart, 292 F.3d 781, 784 (D.C.Cir.2002)); see also Banks v. Office of Senate Sergeant-At-Arms and Doorkeeper of the United States Senate, 471 F.3d 1341, 1350 (D.C.Cir.2006) (concluding that the extraordinary remedy of mandamus need not issue in a case arising under the Congressional Accountability Act where the issue could be addressed by an appeal from a final judgment). The party seeking mandamus "has the burden of showing that 'its right to issuance of the writ is clear and indisputable.' " Power v. Barnhart, 292 F.3d at 784 (quoting Northern States Power Co. v. U.S. Dep't of Energy, 128 F.3d 754, 758 (D.C.Cir.1997)). Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus therefore is not an appropriate remedy. See, e.g., Heckler v. Ringer, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); Weber v. United States, 209 F.3d at 760 ("[M]andamus is proper only when an agency has a clearly established duty to act.").

Carson v. U.S. Office of Special Counsel, 534 F.Supp.2d 103, 105 (D.D.C.2008).

In the past, petitioners, like Resto, have frequently turned to the writ of mandamus to try to compel components of the United States Department of Justice to take some specific action. These petitions have been many and varied in their forms, embracing wildly diverse disputes, but one consistent theme throughout these cases has been that the courts rarely such embrace mandamus requests. See e.g., Priskanin v. Doe, 349 F.App'x 689 (3d Cir. 2009)(denying mandamus request that FBI protect former alleged informant); Stanley v. Hogsten, 277 F.App'x. 180, 181(3d Cir.2008) (denying federal inmate mandamus request for law book); Ararat v. District Director,

ICE, 176 F. App'x. 343 (3d Cir. 2006)(denying prisoner mandamus request to remove detainer); Beckley v. Miner, 125 F. App'x 385 (2d Cir. 2005)(denying mandamus request for prison transfer); Leonhard v. Mitchell, 473 F.2d 709 (2d Cir. 1973)(denying mandamus request for disclosure of whereabouts of witness protection program witness); Sloan v. Troung, 573 F. Supp. 2d 823 (S.D.N.Y. 2008)(denying mandamus request for Department of Justice to intervene in Chess Board election); Saini v. Heinauer, 552 F. Supp. 2d 974 (D.Neb. 2008)(denying mandamus request to order FBI to expedite fingerprint processing of petitioner, an applicant for naturalization); Carson v. U.S. Office of Special Counsel, 534 F. Supp. 2d 103,105 (D.D.C.2008) (denying mandamus petition to compel the Office of Special Counsel to prepare and produce a report).

These cases, which consistently decline to apply the drastic and extraordinary remedy of mandamus, all recognize that the work of the Department of Justice routinely entails the exercise of discretion by government officials. Since the decisions made by Department of Justice officials often entail significant exercises of discretion, it rarely can be said that these judgments involve such "a clear nondiscretionary duty," Stanley v. Hogsten 277 F. App'x at 181, that mandamus may lie compelling some specific form of governmental action. Similarly, federal courts have rarely found that a writ of mandamus is the proper legal prescription for dictating

to prison officials the manner in which they should provide services or care to inmates. See e.g., Miller v. Lappin, No. 09-12, 2009 WL 166873 (W.D. Va. Jan. 26, 2009)(denying mandamus); Barnhill v. Cherry, No. 06-922, 2008 WL 759322 (M.D. Fla. March 20, 2008)(denying mandamus); United States v. McAllister, 969 F. Supp. 1200 (D. Minn. 1997)(denying mandamus).

In this case, Resto's complaint in mandamus invites this Court, in the guise of a mandamus action, to direct prison officials to intrude into the discretionary details of prison management and order correctional officials to provide this inmate with the writing instruments of his choice, revised law library hours, and electronic document preparation services. (Doc. 1) Yet, a writ of mandamus may only issue if the plaintiff has a clear right to relief, the defendant has a clear duty to act, and "can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.'" Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary, 93 F.3d 103, 112 (3d Cir. 1996). Therefore, inherent in a request for mandamus is "a showing [by the moving party] that 'its right to issuance of the writ is clear and indisputable.' Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus therefore is not an appropriate remedy." Carson v. U.S. Office of Special Counsel, 534 F.Supp.2d 103, 105 (D.D.C.2008).

This basic tenet of mandamus jurisdiction, that mandamus does not extend to discretionary decision-making, is fatal here, since Resto urges us to intervene in matters that rest in the sound discretion of prison officials. In the past, inmates have frequently sought to compel prison officials to take certain actions with respect to them to facilitate their pursuant of other litigation. Yet, such, requests, while often made, are rarely embraced by the courts. Instead, courts have routinely held that correctional staff have wide-ranging discretion in providing services to inmates and prisoner-plaintiffs are not entitled to compel prison officials to provide them with specific relief and services pending completion of their lawsuits. See, e.g., Messner v. Bunner, No. 07-112E, 2009 WL 1406986 (W.D. Pa. May 19, 2009)(denying inmate preliminary injunction); Brown v. Sobina, No. 08-128E, 2008 WL 4500482 (W.D. Pa. Oct. 7, 2008)(denying inmate preliminary injunction); Emile v. SCI-Pittsburgh, No. 04-974, 2006 WL 2773261, *6 (W.D. Pa. Sept. 24, 2006) (denying inmate preliminary injunction). In particular, in this case, our review of the Plaintiff's pleadings leads us to conclude that Resto has not demonstrated that prison officials have a clearly defined, non-discretionary, duty to provide him with writing instruments of his choice, revised law library hours, and electronic document preparation services. Quite the contrary, inmates have in the past often invited federal courts to direct their jailers to allow them greater access to legal materials of the type demanded by Resto here. Yet,

these requests, while frequently made, have rarely been embraced by the courts. See, e.g., Kershner v. Mazurkiewicz, supra; Edmonds v. Sobina, 296 F. App'x 214, 216 n. 3 (3d Cir. 2008); Barnes v. Quattlebaum, No. 08-2197, 2009 WL 678165 (D.S.C. March 12, 2009); Clay v. Sobina, No. 06-861, 2007 WL 950384 (W.D.Pa. March 26, 2007); Wesley v. Vaughn, No. 99-1228, 2001 WL 1391254 (E.D.Pa. Nov. 7, 2001). Instead, the courts have deferred to the discretion of the prison officials in fashioning appropriate access to legal materials.

Indeed, this fundamental recognition that matters relating to access to legal materials for inmates entails a substantial exercise of discretion by corrections officials is firmly ingrained in case law. Since 1977, the United States Supreme Court has recognized that inmates have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817 (1977). As the Supreme Court initially observed, this right of access to the courts is satisfied when corrections officials facilitate "meaningful" access for those incarcerated, either through legal materials or the assistance of those trained in the law. Id. at 827 ("[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."). Two decades later, in 1996, the Supreme Court provided further definition and guidance regarding the scope and

nature of this right of access to the courts in <u>Lewis v. Carey</u>, 518 U.S. 343 (1996). In <u>Lewis</u>, the court eschewed efforts to define this right in abstract, or theoretical terms, but rather cautioned courts to focus on concrete outcomes when assessing such claims. As the court observed:

> Because <u>Bounds</u> did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's . . . legal assistance program is subpar in some theoretical sense. . . . Insofar as the right vindicated by <u>Bounds</u> is concerned, "meaningful access to the courts is the touchstone," <u>id.</u>, at 823, 97 S.Ct., at 1495 (internal quotation marks omitted), and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the . . . legal assistance program hindered his efforts to pursue a legal claim. . . . . Although <u>Bounds</u> itself made no mention of an actual-injury requirement, it can hardly be thought to have eliminated that constitutional prerequisite. And actual injury is apparent on the face of almost all the opinions in the 35-year line of access-to-courts cases on which <u>Bounds</u> relied, see <u>id.</u>, at 821-825, 97 S.Ct., at 1494-1497. Moreover, the assumption of an actual-injury requirement seems to us implicit in the opinion's statement that "we encourage local experimentation" in various methods of assuring access to the courts. <u>Id.</u>, at 832, 97 S.Ct., at 1500.

<u>Lewis v. Casey</u>, 518 U.S. 343, 351-52 (1996).

Thus, following <u>Lewis</u>, courts have consistently recognized two guiding principles which animate access-to-court claims by prisoners. First, such claims require some proof of an actual, concrete injury, in the form of direct prejudice to the plaintiff in the pursuit of some legal claim. <u>See, e.g.</u>, <u>Oliver v. Fauver</u>, 118 F.3d 175 (3d Cir. 1997); <u>Demeter v. Buskirk</u>, No. 03-1005, 2003 WL 22139780 (E.D. Pa. Aug.

13

27, 2003); Castro v. Chesney, No. 97-4983, 1998 WL 150961 (E.D. Pa. March 31, 1998). Second, consistent with the Supreme Court's express view that " 'we encourage local experimentation' in various methods of assuring access to the courts," Lewis v. Casey, 518 U.S. at 352, courts have long recognized that public officials have significant discretion in this field and can provide meaningful access to the courts through a wide variety of means. See, e.g., Peterkin v. Jeffes, 855 F.2d 1021, 1042 (3d Cir.1988); Hester v. Morgan, No. 10-309, 2010 WL 3907770, *2 (D.Del.Sept. 29, 2010); Tinsley v. Del Rosso, No. 08-1251, 2008 WL 2236598 (D.N.J. May 30, 2008); Tormasi v. Hayman, No. 07-5683, 2008 WL 1995125 (D.N.J. May 6, 2008); Annis v. Fayette County Jail, No. 07-1628, 2008 WL 763735 (W.D. Pa. March 20, 2008); Hunter v. Shoupe, No. 06-1023, 2007 WL 120030 (W.D. Pa. Jan. 10, 2007); Cook v. Boyd, 881 F. Supp. 171, 176 (E.D.Pa.1995).

In short, courts have long recognized that the very essence of prison policy-making in the field of inmate legal services entails the exercise of discretion in an area where the Supreme Court affirmatively endorses the exercise of discretion stating: "'we encourage local experimentation' in various methods of assuring access to the courts." Lewis v. Casey, 518 U.S. at 352. Therefore, since Resto's complaint, at bottom, seeks to use a writ of mandamus to dictate the exercise of discretion in an area consigned to the broad desertion of prison officials, this request to compel the prison

to provide him with writing instruments of his choice, revised law library hours, and electronic document preparation services by writ is inappropriate and must be denied.

In this case, without the inclusion of some further well-pleaded factual allegations, the assertions made in this petition for writ of mandamus appear to be little more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which as a legal matter] do not suffice." Ashcroft v. Iqbal, supra 127 S.Ct. at 1979.  We recognize, however, that in civil rights cases *pro se* petitioners often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, See Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  In this case, while these pleadings plainly fail as a petition for writ of mandamus, it may be that Resto wishes to seek other relief.  Resto should not be wholly foreclosed from seeking this other relief.  Accordingly, it is recommended that the Court deny this petition for mandamus, but provide the plaintiff with an opportunity to correct the deficiencies in these *pro se* pleadings by dismissing this deficient petition for writ of mandamus without prejudice to allowing Resto to attempt to correct the deficiencies noted in this these pleadings by filing an amended

complaint seeking other more appropriate forms of relief in a manner which complies with the rules governing civil actions in federal court.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion for leave to proceed *in forma pauperis* be GRANTED (Doc. 2), but that the plaintiff's pleading be dismissed without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any dismissal order.

> The Parties are further placed on notice that pursuant to Local Rule 72.3:
>
> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 6th day of February 2012.

                                            ***S/Martin C. Carlson***
                                            Martin C. Carlson
                                            United States Magistrate Judge